HILS CO. v. LOUISVILLE & NASH. RD. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3112. Decided Jan. 16, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

DEMURRAGE—991. Railroads—145. Bills of Lading.

Consignor is primarily liable for payment of ght, as party making contract.

Consignee cannot accept delivery of interstate ment of goods without incurring liability for car-

rier's lawful charges, known or unknown, supposed to be prepaid or otherwise, and no matter what consignee's actual relation to shipper is.

3. Consignee is under no obligation to receive or accept shipment consigned to it where such consignment was in no way sought or ordered by it or when it is not in accordance with its contract; but, when it has exercised an act of dominion over it, consistent only with the idea of its acceptance, it will be liable for freight charges thereon.

Error to Common Pleas.

Judgment affirmed.

Goebel, Dock & Goebel, Cincinnati, for Hils Co.

Freiberg, Avery & Simmonds and H. L. Witherby, Cincinnati, for Railroad.

STATEMENT OF FACTS.

The Louisville & Nashville Railroad Company brought suit in the Municipal Court of Cincinnati against The C. L. Hils Co. to recover a balance of $90.95 due for freight and demurrage charges on an interstate shipment of a car of waste paper.

A jury was waived and the case submitted to the court on an agreed statement of facts. The municipal court rendered judgment in favor of The Louisville & Nashville Rd. Co. against The C. L. Hils Co. for the amount claimed.

The Hils Company prosecuted error to the Court of Common Pleas which court affirmed the Municipal Court, and the Hils Co. prosecuted error to this court.

The Hils Company claims it is not liable for the freight and demurrage charges in this case, as it was only acting as agent for the Standard Bag Co., of Augusta, Georgia, the consignor of the shipment.

It appears from the agreed statement of facts that The Standard Bag Co., of Augusta, Ga., delivered a carload of waste paper, consigned to The Franklin Strawboard Company, at Franklin, Ohio. Upon arrival of the car in Cincinnati, The C. L. Hils Company presented the bill of lading to the Railroad, and directed that the car be diverted to the Mt. Vernon Strawboard Co., at Mt. Vernon, Ind. The Mt. Vernon Strawbord Co. refused the shipment. Thereupon, "The C. L. Hils Company ordered the plaintiff to reconsign said car to themselves (The C. L. Hils Co.) at Cincinnati, Ohio, with the additional instructions that all charges were to follow."

Upon arrival of the car at Cincinnati, Ohio, The C. L. Hils Co. refused to accept the shipment. Later, The Louisville & Nashville Rd. Co. suggested to The Hils Co. that the paper be sold, in order to save unnecessary charges and demurrage. The Hils Co. notified the Railroad Co. that it was not in any way interested in the shipment, and suggested that the paper be sold in accordance with the letter regarding the same. The railroad company thereupon received bids for the paper and eventually sold it to the highest bidder for $10 per ton, the proceeds of the sale amounting to $131.25. The freight and demurrage charges which had accrued were $222.20, leaving a deficit of $90.95, which is the amount sued for, and for which judgment was entered in this case.

HAMILTON, PJ.

"The liability here turns on the question of delivery. On this question the rule is that the consignor of goods is primarily liable for the payment of the freight, as the party making the contract. Louisville & Nashville Rd. Co. v. Cent. Iron & Coal Co., 265 U. S. 59.

It is also the rule that a consignee cannot accept delivery of an interstate shipment of

goods without incurring liability for the carrier's lawful charges, known or unknown, supposed to be prepaid or otherwise, and no matter what the consignee's actual relation to the shipper is. Western & Atlantic Ry Co. v. Underwood, 281 Fed. 891.

It has also been held that a consignee is under no obligation to receive or accept a shipment consigned to it where such a consignment was in no way sought or ordered by it or when it is not in accordance with its contract; but when it has exercised an act of dominion over it consistent only with the idea of its acceptance, it will be liable for the freight charges thereon. West Jersey & S. Ry. Co. v. Whiting Lumb. Co., 71 Pa. Superior, 161; Col. & Cinci. Tract. Co. v. N. W. Ry. Co., 8 O. C. C. (N. S.) 134.

Summarized, the facts in the case show that while the Hils Company was not named consignee in the original bill of lading, the company did have possession of the bill of lading, which gave control of the shipment. With the bill in its possession, it exercised dominion over the car, by directing the carrier to divert the shipment to Mt. Vernon, Ind. Upon refusal of acceptance at Mt. Vernon, the Hils Company ordered the carrier to reconsign the shipment to it, at Cincinnati, Ohio, with instructions that all charges were to follow. These facts show the exercise of dominion over the shipment, consistent only with the idea of its acceptance and acknowledgment of liability for the freight charges."

(Mills & Cushing, JJ., concur.)